1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JOSE ESCOBEDO, | Case No.  1:23-cv-00207-JLT-BAM |
| 12           Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION |
| 13      v. | FOR DEFAULT JUDGMENT (Doc. 22) |
| 14 CHENG VANG dba SUSHIYAKI, et al., | **FOURTEEN (14) DAY DEADLINE** |
| 15           Defendants. | |
| 16 | |
| 17 | |

18          On August 22, 2023, Plaintiff Jose Escobedo ("Plaintiff") filed the instant motion for

19   default judgment against the remaining defendants in this action, Cheng Vang dba Sushiyaki and

20   Tou Pao Yang dba Sushiyaki[1] (collectively "Defendants").  (Doc. 22.)  No opposition has been

21   filed, and the time in which to do so has passed.  L.R. 230(c).  The motion was referred to the

22   undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court found the

23   matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the

24   hearing set for October 6, 2023.

25   ///

26   ///

27

28   ---
[1] Plaintiff voluntarily dismissed Defendants Ying Vang and Maytia Vang from this action.  (*See* Docs. 17, 18.)

1

Having considered the moving papers and the record in this action, and for the reasons that follow, the Court RECOMMENDS that Plaintiff's motion for default judgment be granted in part.

## I.      FACTUAL BACKGROUND

On February 10, 2023, Plaintiff filed this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.*; California's Unruh Civil Rights Act, California Civil Code § 51; and the California Health and Safety Code, alleging violations at Sushiyaki, located at 1234 North First Street, Fresno, California 93702 (the "Facility"), which is owned, operated and/or leased by Defendants.  (Doc. 1, Compl. at ¶¶ 1-2, 7.)

Plaintiff alleges that he suffers from rheumatoid arthritis and is substantially limited in his ability to walk, requiring a cane for mobility.  He also has limited dexterity due to arthritis and finger amputation.  He further alleges that he is physically disabled under state and federal law.  (*Id.* at ¶ 8.)

Plaintiff asserts that he lives less than ten miles from the Facility and visited the Facility on August 25, 2022, to have lunch.  During his visit, Plaintiff encountered barriers that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.  (*Id.* at ¶10.)  Plaintiff's complaint seeks statutory damages, attorneys' fees and costs, injunctive relief, and declaratory relief.  (*Id.* at pp. 8-9.)

Plaintiff served Defendants Cheng Vang and Tou Pao Yang with the summons and complaint on February 22, 2023, by substituted service on Cho "Doe," the person apparently in charge of the office at the Facility.  (Docs. 4; 5.)  The Clerk of the Court entered default against Defendants on April 12, 2023.  (Doc. 9.)

Plaintiff filed the instant motion against Defendants on August 22, 2023, seeking default judgment in the total sum of $5,526.96 for attorneys' fees and costs, along with declaratory and injunctive relief.[2]  (Docs. 22; 22-1.)  Plaintiff served Defendants with a copy of the motion by

---

[2] Plaintiff also requests that the Court also award him statutory damages in the amount of $4,000.00. (Doc. 22-1 at pp. 10, 11.)  However, Plaintiff's motion for default judgment only seeks relief  pursuant to the ADA, which does not allow for the recovery of statutory damages.  (*Id.* at p. 2 n.1.)  The inclusion of statutory damages in Plaintiff's motion appears to be in error.  To the extent it was not included in error,

mail. (Doc. 22-7.)  No timely opposition was filed.  *See* L.R. 230(c) ("Opposition, if any, to the grating of the motion shall be in writing and shall be filed and served no later than fourteen (14) days after the motion was filed.").

## II.     LEGAL STANDARD FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action.  Fed. R. Civ. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

## III.    DISCUSSION

### A.  Service of Process

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested.  *See, e.g., Trujillo v. Harsarb, Inc.*, No. 1:21-cv-00342-NONE-SAB, 2021 WL 3783388, at *4 (E.D. Cal. Aug. 26, 2021) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."); *Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v.*

---

the Court will recommend that the request for statutory damages be denied.

3

*Check Resolution Service, Inc.*, No. 1:10-cv-00716 AWI GSA, 2010 WL 5200912, at *2 (E.D. Cal. Dec. 15, 2010).

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. Under Rule 4, an individual may be served by: (1) delivering a copy of the summons and the complaint to that person personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4 also permits service on an individual in accordance with state law. Fed. R. Civ. P. 4(e)(1). California law permits substituted service by leaving a copy of the summons and complaint at the defendant's dwelling house, usual place of abode, usual place of business, or usual mailing address (other than a U.S. Postal Service post office box). Cal. Code Civ. Proc. § 415.20(b). Copies of the summons and complaint must be left "in the presence of a competent member of the household or a person apparently in charge of [the defendant's] office, place of business, or usual mailing address," and copies must thereafter be mailed to the defendant at the same address where the documents were left. *Id.*

Substituted service under California law is permitted only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" *See* Cal. Civ. Proc. Code § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 801, 152 Cal. Rptr. 836 (Cal. Ct. App. 1979). "Although there is no established formula for reasonable diligence, two or three attempts to personally serve defendant at a 'proper place' ordinarily qualifies as 'reasonable diligence.'" *Johnson v. Bozorghadad*, No. 17-cv-06536-SVK, 2020 WL 963377, at *3 (N.D. Cal. Feb. 28, 2020), report and recommendation adopted, No. 17-cv-06536-HSG, 2020 WL 1245122 (N.D. Cal. Mar. 16, 2020) (citation, internal quotation marks, and alteration omitted); *see also Trujillo v. Gogna*, No. 1:22-cv-00707-JLT-SAB, 2023 WL 2301717, at *5 (E.D. Cal. Mar. 1, 2023).

4

According to the record, Plaintiff attempted service on Defendants at their business address on three different occasions without success.  (Docs. 4 at p. 3; 5; and 21.)  On the third attempt, Defendants were served by leaving a copy of the summons and complaint with Cho "Doe," the person in charge of the office or usual place of business at the Facility address.  (*Id*.)  The summons and complaint were subsequently mailed to Defendants at the same address.  (Docs. 4 at p. 4; 5 at p. 3.)

Having considered the foregoing, the Court finds that Plaintiff properly served Defendants pursuant to Federal Rule of Civil Procedure 4 and California Civil Procedure Code § 415.20(b).

**B.  The *Eitel* Factors Weigh in Favor of Default Judgment**

1.  Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant.  *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods*., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.  Default has been entered against Defendants and Plaintiff has no other means to recover against them.  This factor weighs in favor of default judgment.

2.  Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175.  Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

In the motion for default judgment, Plaintiff states that he does not seek relief under his Unruh Civil Rights Act and California Health and Safety Code claims.  (*See* Doc. 22-1 at p. 2 n.1.)  Instead, Plaintiff requests that the Court dismiss these state law claims without prejudice if his motion for default judgment is granted.  (*Id.*)  Based on Plaintiff's statements, the Court limits its discussion to Plaintiff's claims arising under the ADA.

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is

5

'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an *architectural barrier*, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Hawai'i 2000) (emphasis in original).

A private party is only entitled to injunctive relief under Title III of the ADA; however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he is substantially limited in his ability to walk, requiring a cane for mobility, and that he also has limited dexterity due to arthritis and finger amputation.  He alleges that he therefore is disabled as defined by applicable law.  Plaintiff also alleges that the Facility is a public accommodation and open to the public.  (Compl. at ¶¶ 8-9.)   Plaintiff further alleges that Defendants own, operate and/or lease the Facility and the architectural barriers identified are easily removed without much difficulty or expense.  (*Id.* at ¶¶ 7, 21.)

Specifically, Plaintiff contends that he lives less than ten (10) miles from the Facility and visited the Facility on August 25, 2022, to have lunch. (*Id.* at ¶ 10).  On the date of his visit, he had difficulty locating any designated accessible parking because the pavement markings were extremely faded and hard to seek, and there was no access aisle.  There also was no accessible

route of travel from the designated accessible parking to the Facility entrance.  The route included an excessively steep and unevenly sloped section between the parking lot and entry walkway, making it difficult for Plaintiff to maintain his balance as he walked to and from the Facility entrance.  Plaintiff further alleges that the Facility entrance door was not properly adjusted and maintained with regard to closing speed and opening force, making it difficult for Plaintiff to open the door and walk through before it closed on him.  Additionally, the locking mechanism on the restroom door required tight grasping, pinching, and/or twisting of the wrist, and it was difficult for Plaintiff to lock and unlock the door.  The flush handle was not located on the open side of the toilet in the restroom, making it difficult for Plaintiff to reach over the toilet to flush after using it.  Also, the toilet in the restroom lacked properly configured and positioned grab bars, making it difficult for Plaintiff to sit down on the toilet and stand up.  (*Id.*)  Plaintiff asserts that he was denied full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations of the Facility.  (*Id.* at ¶ 18.)

These allegations are taken as true due to Defendants' default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.  The Court therefore finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3.   The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks statutory damages in the amount of $4,000, along with attorneys' fees and costs incurred in the amount of $5,526.96 (Doc. 22-1 at pp. 7-9, 10-11.)  As previously mentioned, Plaintiff limits his request for relief to his claims arising under the ADA.  (*Id.* at p. 2 n.1.)  The ADA does not allow for recovery of statutory damages.  *See Molski*, 481 F.3d at 730.  Removing the requested statutory damages from the calculation, the amount of money at stake ($5,526.96) is relatively small and it does not seem unreasonable in light of the allegations

1  contained in the complaint.  Accordingly, this factor does not weigh against entry of default

2  judgment.

3                        4.   The Possibility of a Dispute Concerning Material Facts

4       Following the Clerk's entry of default, the Court may assume the truth of well-pled facts

5  in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists.

6  Further, Defendants' failure to file an answer in this case and their failure to file a response to the

7  request for entry of default or a response to the instant motion supports the conclusion that the

8  possibility of a dispute as to material facts is minimal.  *See, e.g., Elektra Entm't Grp. Inc. v.*

9  *Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded

10 complaint are taken as true after the court clerk enters default judgment, there is no likelihood that

11 any genuine issue of material fact exists.").  This factor therefore weighs in favor of default

12 judgment.

13                       5.   Whether the Default Was Due to Excusable Neglect

14      The sixth *Eitel* factor considers the possibility that Defendants' default resulted from

15 excusable neglect.  *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177.  Courts have found that where a

16 defendant was "properly served with the complaint, the notice of entry of default, as well as the

17 paper in support of the [default judgment] motion," there is no evidence of excusable neglect.

18 *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

19      Upon review of the record, the Court finds that the default was not the result of excusable

20 neglect.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Defendants were properly served with the

21 complaint, the request for entry of default, (*see* Doc. 8-2), and the motion for default judgment,

22 which included notification of the Clerk's entry of default.  Despite service with these documents,

23 Defendants have not appeared in this action.  Thus, the record suggests that Defendants have

24 chosen not to participate in this action, and not that the default resulted from any excusable

25 neglect.  Accordingly, this factor weighs in favor of the entry of a default judgment.

26                       6.   The Strong Policy Favoring Decisions on the Merits

27      "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782

28 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing

alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because Defendants have not appeared in this action.  Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

### C.  Damages

#### 1.  Injunctive Relief

Plaintiff seeks injunctive relief under the ADA for violations alleged in the complaint.  In particular, Plaintiff seeks an injunction requiring removal of all architectural barriers to Plaintiff's access to the facility.  42 U.S.C. § 12188 provides that "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal and state law, Plaintiff is entitled to the removal of those architectural barriers which he encountered on his visit to the facility that violated the ADA. Therefore, an injunction should issue requiring Defendants to provide an accessible parking stall, a properly configured curb ramp on the route from the designated accessible parking to the Facility entrance, a properly adjusted Facility entry door, an accessible locking mechanism on the men's or unisex restroom door, a flush control on the open side of the men's or unisex restroom toilet, and properly configured and positioned grab bars at the toilet in the men's or unisex restroom.

#### 2.  Statutory Damages

As indicated above, Plaintiff seeks statutory damages in the amount of $4,000.00. Although the Unruh Act provides for minimum statutory damages of $4,000 for each violation, Cal. Civ. Code § 52(a); *Grove v. De La Cruz,* 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005), Plaintiff is not seeking relief under such a claim.  (Doc. 22-1 at p. 2 n.1.)  The Court therefore finds that Plaintiff is not entitled to statutory damages of $4,000.00.

#### 3.  Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs.  The ADA authorizes the award

of attorney's fees and costs for an action. *See* 42 U.S.C. § 12205.  Attorney fee awards are calculated using the lodestar method, which multiplies the numbers of hours reasonably spent on the matter with a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Here, Plaintiff's counsel seeks an award of $4,728.50 in attorneys' fees, plus $798.46 in litigation costs. (Doc. 22-1 at 9; Doc.22-3, Exs. A-C, F to Declaration of Tanya E. Moore ("Moore Decl.").)  Specifically, Plaintiff requests: (1) $3,360.00 for 11.2 hours of work expended by attorney Tanya E. Moore at an hourly rate of $300; (2) $701.50 for 6.1 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; and (3) $667.00 for 5.8 hours of work expended by paralegal Isaac Medrano at an hourly rate of $115.00.  (Doc. 22-1 at 9.)

Hourly Rates

As indicated, Plaintiff requests an hourly rate of $300.00 for work by attorney Tanya Moore and $115.00 for work by paralegals Whitney Law and Isaac Medrano.  (Doc. 22-1 at 9.) Courts in this district have found these rates reasonable for the services of attorney Moore and for the services of her paralegals.  *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG*,* 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017); *accord e.g., Trujillo v. GH Food Mart, Inc*., No. 1:20-cv-00368-AWI-SKO, 2020 WL 4697139, at *7 (E.D. Cal. Aug. 13, 2020); *Trujillo v. La Valley Foods, Inc.*, No. 1:16-cv-01402-AWI-BAM, 2017 WL 2992453, at *5 (E.D. Cal. Jul. 14, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017).  The Court therefore finds the requested hourly rates to be reasonable for Ms. Moore and her paralegals.

Attorney Time Expended by Ms. Moore

Plaintiff seeks recovery for 11.2 hours of work performed by Ms. Moore at $300.00 per hour.  (Doc. 22-1 at 9.)  When considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that the 11.2 hours billed by Ms. Moore is reasonable.  (Doc. 22-3, Ex. A to Moore Decl.)  The Court will recommend awarding Plaintiff $3,360.00 for 11.2

1    hours of work by Ms. Moore to litigate this case.

2              Paralegal Time Expended by Whitney Law and Isaac Medrano

3          Plaintiff seeks compensation for 6.1 hours expended by paralegal Whitney Law at

4    $115.00 per hour, and 5.8 hours expended by paralegal Isaac Medrano at $115.00 per hour. (Doc.

5    22-1 at 9.)  When considering the billing entries and time records submitted by Plaintiff's counsel,

6    the Court finds that the 6.1 hours billed by Whitney Law is reasonable.  (Doc. 22-3, Ex. A to

7    Moore Decl.)  However, a review of the billing records of Isaac Medrano reveals that certain

8    tasks he provided in this action were clerical in nature. In billing for legal services, "purely

9    clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs

10   them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  Specifically, Mr. Medrano

11   billed .30 on February 13, 2023, to review the order setting scheduling conference, calendaring

12   the date, setting the deadline for Rule 26 meet and confer, and setting the deadline to file a joint

13   scheduling report; billed .20 on May 12, 2023, to review the order on the stipulation to continue

14   scheduling conference to calendar the hearing date and set the deadline to file the joint scheduling

15   report; billed .10 on May 23, 2023, to review the minute order to confirm scheduling conference

16   on Zoom and instructions for Zoom link; billed .10 on June 21, 2023, to calendar the settlement

17   payment deadline; and billed .20 on July 20, 2023, to review the order to continue the scheduling

18   conference to calendar the date and set the deadline to file joint scheduling report; .  (Doc. 22-3,

19   Ex. A to Moore Decl.)  The Court finds that these billable entries generally describe clerical tasks

20   and should not be reimbursed at a paralegal rate.  The Court will deduct .90 hours from Isaac

21   Medrano's time.

22         Based on the above, the Court will recommend an award of 11 hours of paralegal time

23   comprised of 6.1 hours for Whitney Law ($115.00 hourly rate) and 4.9 (5.8 - .90) hours for Isaac

24   Medrano ($115.00 hourly rate) for a total of $1,265.00.

25              Litigation Expenses and Costs

26         Plaintiff requests recovery of litigation expenses and costs of $798.46.   (Doc. 22-1 at 9;

27   Doc. 22-3, Exs. B, C and F to Moore Decl.)  Under the ADA, a district court, in its discretion, can

28   allow the prevailing party other than the United States to recover a reasonable attorney's fee,

                                          11

including litigation expenses and costs. 42 U.S.C. § 12205.  The costs here include the court filing fee, costs of service, and fee for a pre-filing site inspection of the facility, which are compensable. *See Trujillo v. La Valley Foods, Inc*., 2017 WL 2992453, at *7 (finding costs for court filing fee, costs of service, and fee for a pre-filing site inspection of the facility compensable). Accordingly, the Court will recommend that Plaintiff be awarded the sum of $798.46 for litigation expenses and costs.

**V.     CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1.     Plaintiff's motion for default judgment be GRANTED IN PART;

2.     Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act;

3.      Defendants be ordered to make the following modifications to the facility known as Sushiyaki, located at 1234 North First Street in Fresno, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act as follows:

a.     Provide a properly configured and identified designated accessible parking stall with adjacent access aisle;

b.     Provide a properly configured curb ramp on the route from the designated accessible parking to the Facility entrance;

c.     Properly adjust and maintain the closing speed of the Facility entry door;

d.     Provide an accessible locking mechanism on the men's or unisex restroom door;

e.     Provide a flush control on the open side of the men's or unisex restroom toilet;

f.     Provide properly configured and positioned grab bars at the toilet in the men's or unisex restroom;

4.     Judgment be entered in Plaintiff's favor and against Defendants in the amount of $5,423.46, consisting of attorney's fees, paralegal fees, and costs of suit;

5.     Plaintiff's claims under the Unruh Act and California Health and Safety Code be dismissed without prejudice; and

6.      Plaintiff be denied an award of statutory damages under the Unruh Act in the amount of $4,000.00.

In addition to the above, Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each defendant at that defendant's last known address.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __October 13, 2023__          ___/s/ Barbara A. McAuliffe___
                                        UNITED STATES MAGISTRATE JUDGE