UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>           Plaintiff,<br><br>   v.<br><br>CHENG VANG, dba SUSHIYAKI, et al.,<br><br>           Defendants. | Case No. 1:23-cv-0207 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 22, 25) |

Jose Escobedo seeks default judgment against the defendants—including Cheng Vang doing business as Sushiyaki and Tou Pao Yang doing business as Sushiyaki— for violating Title III of the Americans with Disabilities Act. (Doc. 22.) Although Plaintiff included claims for violations of California's Unruh Civil Rights Act and the state's Health & Safety Code, he did not request default judgment on the claims. Rather, Plaintiff requested the claims be dismissed without prejudice if the default judgment was granted on the ADA claim. (Doc. 22-1 at 2, n.1.)

The magistrate judge recommended Plaintiff's motion for default judgment be granted in part. (Doc. 25.) The magistrate judge found default judgment was appropriate for Plaintiff's claim arising under the ADA, and recommended the requested injunctive relief be granted. (*Id.* at 5-9.) However, the magistrate judge observed that Plaintiff also sought "statutory damages in the amount of $4,000.00," despite the request for dismissal of the claims arising under state law. (*Id.* at 2, citing Doc. 22-1 at 10, 11.) The magistrate judge recommended the request for statutory

1  damages be denied, and the state claims be dismissed.  (*Id.* at 12-13.)  In addition, the magistrate
2  judge recommended Plaintiff be awarded attorneys' fees in the amount of $4,625.00 and litigation
3  expenses and costs in the amount of $798.46, for a total of $5,423.46.  (*Id.* at 10-12.)

4        The Court served the Findings and Recommendations on Plaintiff, and Plaintiff mailed a
5  copy to Defendants.  (Doc. 26.)  The Court informed the parties that any objections must be filed
6  within 14 days of the date of service.  (Doc. 25 at 13.)  In addition, the Court advised the parties
7  that "the failure to file objections within the specified time may result in the waiver of rights on
8  appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v.*
9  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  No objections were filed, and the time to do so
10 expired.

11       According to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of this case.
12 Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
13 are supported by the record and by proper analysis.  Therefore, the Court **ORDERS**:

14     1. The Findings and Recommendation filed on October 13, 2023 (Doc. 25) are
15        **ADOPTED** in full.
16     2. Plaintiff's request to dismiss his claims arising under state law is **GRANTED**.
17     3. Plaintiff's claims under the Unruh Act and California Health & Safety Code are
18        **DISMISSED** without prejudice.
19     4. Plaintiff's motion for default judgment (Doc. 25) is **GRANTED IN PART**.
20     5. Judgment **SHALL** be entered in favor of Plaintiff and against Defendants.
21     6. Plaintiff's request for statutory damages under California's Unruh Act is **DENIED**.
22     7. Plaintiff's request for fees, costs, and expenses is **GRANTED** in the total amount
23        of $5,423.46.
24     8. Plaintiff's request for injunctive relief under the ADA is **GRANTED**.
25     9. Defendants **SHALL** make modifications to the facility known as "Sushiyaki,"
26        located at 1234 North First Street in Fresno, California, to bring the property into
27        compliance with the accessibility requirements of the Americans with Disabilities
28        Act as follows:

        a. Provide a properly configured and identified designated accessible parking stall with adjacent access aisle;

        b. Provide a properly configured curb ramp on the route from the designated accessible parking to the Facility entrance;

        c. Properly adjust and maintain the closing speed of the Facility entry door;

        d. Provide an accessible locking mechanism on the men's or unisex restroom door;

        e. Provide a flush control on the open side of the men's or unisex restroom toilet; and

        f. Provide properly configured and positioned grab bars at the toilet in the men's or unisex restroom.

10. The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated: **November 28, 2023**

                                                                                 UNITED STATES DISTRICT JUDGE